UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-34-DLB

EMERSON BROOKS                                                                                       PETITIONER

v.                                  **MEMORANDUM OPINION AND ORDER**

WARDEN, FCI-ASHLAND                                                                         RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Emerson Brooks is a federal prisoner currently confined at the Federal Correctional Institution ("FCI") – Ashland in Ashland, Kentucky. Proceeding without counsel, Brooks has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) and has paid the $5.00 filing fee. (Doc. #1-5). Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In September 2017, pursuant to a plea agreement with the United States, Brooks pled guilty in the United States District Court for the Central District of Illinois to one count of possession of controlled substances with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) (Count Five) and one count of carrying a firearm during and in relation to a drug trafficking crime (the offense charged in Count Five) in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 6). In July 2018, Brooks was sentenced to

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

a term of imprisonment of 120 months on Count Five and 30 months on Count Six, to be served consecutively to the term imposed on Count Five, for a total term of imprisonment of 150 months. See generally *United States v. Brooks*, 2:16-cr-20012-SLD-1 (C.D. Ill. 2016).

In March 2020, Brooks, represented by counsel, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 based upon a claim that the Judge presiding over Brooks's criminal case had improper *ex parte* communications with the United States Attorney's Office for the Central District of Illinois. *Id*. at Doc. #58. On July 14, 2021, Brooks filed a motion to voluntarily dismiss his § 2255 motion, which was granted the same day. *Id*. at Doc. #98, 99.[2]

Brooks has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. (Doc. #1). In his § 2241 petition, he argues that his sentence was improperly enhanced in light of the United States Supreme Court's decision in *Shular v. United States*, 140 S.Ct. 779 (2020), which he claims invalidates his enhancement under 21 U.S.C. § 841(b)(1)(B). (Doc. #1 at p. 2, 4).

Because Brooks has already filed a motion under § 2255 in the sentencing court, he may not bring his *Shular* claim in a second or successive § 2255 motion, because "[s]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or

---

[2] In August 2021, Brooks filed a "motion to reduce sentence" in the sentencing court, which the court advised would be construed as a § 2255 motion to vacate, set aside, or correct sentence. *Id*. at Doc. #108, Sept. 7, 2021 Text Order. In response, Brooks filed a "motion for leave to amend," indicating that he was "confused as what to do," but did not want the court to construe his motion as a motion under § 2255 and wished to proceed under 18 U.S.C. § 3582(c)(1)(B). *Id*. at Doc. # 110. On February 11, 2022, the sentencing court denied Brooks' motion to reduce his sentence. *Id*. at February 11, 2022 Text Order. Since that time, Brooks has filed various motions seeking relief from his sentence with the sentencing court, all of which have been denied. *Id*.

successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, No. 21-857, 599 U.S. ---, --- S.Ct. ---, 2023 WL 4110233 at *4 (U.S. June 22, 2023). Accordingly, a federal prisoner may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Id*. Thus, Brooks filed a § 2241 petition in this Court pursuant to the "saving clause" of 28 U.S.C. § 2255(e), on the grounds that the remedy available under § 2255 is inadequate or ineffective to test the legality of his detention because *Shular* was issued after the one-year statute of limitation for filing a § 2255 motion expired. (Doc. #1).

Prior to the Supreme Court's decision in *Jones*, many federal Circuit Courts of Appeal (including the Sixth Circuit) allowed a federal prisoner to challenge his conviction or the enhancement of his sentence in a § 2241 petition filed pursuant to the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears that remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e).[3] For example, in the Sixth Circuit, a petitioner could satisfy the saving clause (and, therefore, challenge his sentence in a § 2241 petition) by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings…by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new

---

[3] To be sure, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Thus, the fact that Brooks voluntarily dismissed his § 2255 motion does not render the remedy provided by § 2255 "inadequate or ineffective."

3

interpretation of the statute of conviction, and supports his innocence claim." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)) (other citation omitted).

However, in *Jones*, the Supreme Court held that "the saving clause does not authorize such an end-run around the AEDPA." *Jones*, 599 U.S. ---, 2023 WL 4110233, at *7. Rather, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences…does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at *9   Thus, just as a federal prisoner may not rely in a favorable change of statutory law to file a second or successive § 2255 motion, neither may he raise such a claim in a § 2241 petition on the grounds that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention. *Id*. at *7.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e), which is the exact claim that Brooks seeks to pursue here. The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *Taylor*, 990 F.3d at 499-500. Because *Jones* makes clear that Brooks is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *Id*.

Accordingly, it is hereby **ORDERED** as follows:

1. Brooks's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DISMISSED** for lack of subject-matter jurisdiction;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding Judgment will be entered this date.

This 11th day of July, 2023.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\ORDERS\PSO Orders\Brooks 0-23-034  Memorandum.docx